UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UDDHAVA GITA SAMANICH,

       Plaintiff,

v.                      Case No:  2:24-cv-581-JES-KCD

FEDERAL   GOVERNMENT   COURT
SYSTEMS OF AMERICA,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on the government's Motion to Dismiss (Doc. #9) filed on June 26, 2024.  No response has been filed and the time to respond has expired.  The Court will deem the motion as unopposed but consider the merits.  See M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").  The government seeks to dismiss the Complaint as a shotgun pleading, for lack of subject matter jurisdiction, and for failure to state a claim.

### I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

"In ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, it is within the district court's discretion to devise a method for making a determination with regard to the jurisdictional issue." Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1232 (11th Cir. 2021) (quotation marks and citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

plausible." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally.  <u>Jones v. Fla. Parole Comm'n</u>, 787 F.3d 1105, 1107 (11th Cir. 2015).  Although *pro se* complaints are construed liberally, the Court nevertheless requires that *pro se* litigants adhere to the same governing rules and procedures as litigants represented by attorneys.  <u>See</u> <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007) (citing <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).

**II.**

On or about April 16, 2024, plaintiff filed a Complaint (Doc. #4) in Collier County Court naming "The Federal Government Court Systems of America" as defendant.  On June 21, 2024, the government filed a Notice of Removal (Doc. #1) pursuant to 28 U.S.C. § 1346 after the Honorable Kiyo Matsumoto received a summons and complaint after having presided over a suit by plaintiff against Facebook

3

that he dismissed in New York.   The Notice of a Related Action (Doc. #6) identifies Samanich v. Facebook, et al., No. 1:20-cv-4058 (E.D.N.Y.).

In the Complaint, plaintiff states that he is seeking from "Uber Mafia, Face Book, and Twitter X, to be protected by the court systems" and for the sum of two million dollars to be paid to him. (Doc. #4, p. 1.)  Plaintiff states that he had a case in New York that was removed to federal court without his consent.  Plaintiff alleges that the federal government court system wrote a fake report putting him through "hell on earth" so he left New York. Plaintiff alleges that "other groups are mafia" and have been attacking him with electronic weapons since he sued them and are threatening him and "talking into [his] body."  (Id.)  Plaintiff alleges that since they "left the court" they have been attacking him and trying to kill him "with what is the same substance graphene oxide made to computer chips to respond in my inner dermis the subcutaneous region" to push him to an untimely death.  (Id. at 2.)

Plaintiff is requesting two million dollars on behalf of the federal government and "their colluded party Uber Twitter X and Facebook, who attacked [him] too out of court with biological terrorism weapons and have made a mockery of [his] families sacrifice in world war 2 that means more to reality cause it was

as they are not, they are a repetitively a lie and forging terrible living….”  (Id. at 3.)

Under the heading of “Aspects Not Primary For Assessment”, plaintiff seeks $360 billion dollars or 51% of his companies that were stolen.  Under “Summation of Claim Seeking”, plaintiff states that he is seeking “the Courts protection from the assailants and their ruse of affiliates they used in the United States.  For them to remove the persons entirely from my life and forbid them and their forbidden technology from attacking me and exploiting me, as it has forced a type of conditioning on me that isn’t healthy.”  (Id. at 5.)

### III.

The Complaint consists of a stream of consciousness against a non-existent entity identified as “Federal Government Court Systems of America.”  The government has appeared on behalf of defendant because district courts have original jurisdiction over civil actions against the United States under 28 U.S.C. § 1346[1], however it is unclear what the civil action is as the allegations seem to be focused on “Uber Mafia”, Facebook, and X (formerly known

---

[1] Under the statute, the district courts have original jurisdiction over civil actions against the United States for: (1) the recovery of any internal-revenue tax assessed or collected or an excessive penalty; (2) claims not exceeding $10,000; or (3) money damages for injury by a government employee.

as Twitter) without any facts directed at the United States or an officer or employee of the United States.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (collecting cases). A Complaint must contain a "short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). As there is no clearly defined defendant or cause of action, the Court cannot determine if subject matter jurisdiction exists under the applicable statute or otherwise.

Even if plaintiff could articulate a basis for federal jurisdiction, Rule 8 of the Federal Rules of Civil Procedure also requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 of the Federal Rules further provides that claims must be in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.

Nevertheless, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, [ ] or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Plaintiff's Complaint is problematic. "The complaint [is] rambling, incoherent, and provided no context for the defendant[] to understand the scope and nature of his claims against [it]. The paragraphs were overly long, with most containing a confusing combination of facts…." Thomason v. Alabama Home Builders Licensure Bd., 741 F. App'x 638, 641 (11th Cir. 2018). The Court cannot find that plaintiff has stated a claim without clear facts and alleged actions by defendant but will allow plaintiff to amend to do so.

In amending to state federal jurisdiction and to state a claim, plaintiff should endeavor to comply with the Federal Rules of Civil Procedure.  Under Rule 8(a),

> A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Under Rule 10(b),

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  Plaintiff should specify the Court's basis for subject matter jurisdiction, and the legal basis for his claim or claims with supporting facts.  Plaintiff should include references to the federal laws and/or sections of the United States Constitution that have been violated or provide information regarding the citizenship of himself and defendant, and the amount in controversy.  For additional resources and assistance,

8

plaintiff may wish to review the form complaints available on the Court's website, for example https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.[2]

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #9) is **GRANTED**.

2. Plaintiff's Complaint (Doc. #4) is dismissed without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of July 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record

---

[2] The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that may help plaintiff generate the amended complaint.